IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FLOYD E. RILEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 3:05-cv-678-DRH |
| | ) | |
| RANDY DAVIS, in his capacity as Warden | ) | |
| of the United States Penitentiary - Marion, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

This matter has been referred to Magistrate Judge Donald G. Wilkerson by United States District Chief Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a report and recommendation on the Petition for a Writ of Habeas Corpus, filed by the petitioner, Floyd E. Riley, on September 22, 2005 (Doc. 1). For the reasons set forth below, it is **RECOMMENDED** that the Petition be **DENIED** and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

On September 30, 2004, Petitioner was sentenced to a term of imprisonment of twenty-one months and a term of supervised release of three years for the offense of wire fraud. Petitioner began serving his federal term of incarceration on October 13, 2004.

Approximately eighteen months prior to his expected release date Petitioner requested, pursuant to 18 U.S.C. § 3642(c), that he be allowed to complete the last six months of his term in a community corrections center ("CCC") instead of only entering a CCC for the final ten percent of his sentence, a difference of approximately four months. His request was denied. Petitioner then exhausted his available administrative remedies and, in accordance with 28 U.S.C. § 2241, filed his Petition seeking a Writ of Habeas Corpus (Doc. 1).

The statutory language at issue states that the Bureau of Prisons ("BOP") "shall to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 percent of the term to be served under the conditions that will afford the prisoner a reliable opportunity to adjust to and prepare for the prisoner's reentry into the community." 18 U.S.C. § 3624(c). In 2002, the BOP issued a memorandum interpreting 18 U.S.C. § 3624(c), concluding that "prisoners could be placed in a CCC facility for the lesser of six months *or* ten percent of the sentence." Bilinsky v. Federal Bureau of Prisons, 2005 WL 1475558 at *2 (D.N.J. June 22, 2005) (emphasis in original). Petitioner alleges that this is an incorrect reading of the statute and, therefore, is an insufficient basis to deny his request to be placed in a CCC facility six months prior to his release date.

In this action, Petitioner seeks declaratory relief that would find that the BOP's interpretation of 18 U.S.C. § 3624(c) is incorrect as a matter of statutory interpretation. Petitioner also seeks that a writ of habeas corpus issue ordering that the BOP allow him to enter a community confinement for the last six months of his sentence.

On May 23, 2006 Petitioner was transferred to a community corrections facility, and on July 13, 2006, he was released from detention.

### CONCLUSIONS OF LAW

The only issue that the Court need address relating to the Petition (Doc. 1) is whether Petitioner's claims are justiciable in view of his release from prison. Implicit in the case-or-controversy requirement of Article III is the principle that federal courts may not give opinions upon moot questions or abstract propositions. U.S. Const. art. 3, § 2, cl. 1. Accordingly, when a prisoner seeking declaratory relief challenges his community confinement eligibility date but is subsequently released from detention, his claims are moot unless he alleges continuing adverse consequences as a result of being placed in community confinement. Kerr v.

Farrey, 95 F.3d 472, 475 (7th Cir. 1996).

Petitioner has not alleged that he will suffer any adverse impact as a result of being placed in community confinement. In fact, he seeks to enter community confinement for the last six months of his sentence rather than the last two months. Since the petitioner has already been released from detention, the request to enter a CCC earlier than BOP officials would allow is moot as the Court cannot turn back time. Petitioner's request for a declaratory judgment is also moot because there no longer exists an actual case or controversy; providing the requested declaration would amount to an advisory opinion, which is beyond the Court's jurisdiction. Preiser v. Newkirk, 422 U.S. 395, 401 (1975) ("a federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.'"). Accordingly, there is nothing left for the Court to adjudicate and this action should be dismissed.

## CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the Petition be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1, the parties shall have ten (10) days after issuance of this Report and Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: February 19, 2008**

s/ Donald G. Wilkerson
**DONALD G. WILKERSON**
**United States Magistrate Judge**